FILHIOL'S HEIRS vs. HEMPKIN, ADMINISTRATOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF OUACHITA.

Opponents of a deceased administratrix's account, cannot blend what may have taken place by her administrator, subsequently, in relation *to her estate*, with her account filed of her administration of another person's estate. Her administrator represents her judicially, and the opposition must be confined to her account of her own administration.

The administration of the *estate* of a deceased administratrix, is separate and different from her account of her administration. In the latter, her administrator represents her judicially, and in the former he renders his own account, which must be homalogated contradictorily with all the creditors of her estate.

In this case, Lucy Hudson, widow and administratrix of the estate of J. J. Filhiol, deceased, rendered her account as she alleges, of moneys paid out for the estate, of her own funds, amounting to five hundred and twenty-two dollars, and for which she prays judgment with interest, against the estate. She died and Hempkin was appointed her administrator.

The heirs of Filhiol made opposition and objected to several items in the account, and alleged that there was property of the estate not accounted for. That a negro slave Margaret and her four children, who were sold at the probate sale of Lucy Hudson's estate as her property, in fact belonged to her late husband J. J. Filhiol, and made part of his estate, of which they are the only heirs, and that they have a right to the proceeds of these slaves, and pray that the notes given for the purchase money be given up to them. They allege they have presented all these claims to B. Hempkin, administrator of Lucy Hudson's estate, and he refuses to allow them, wherefore they pray judgment.

The administrator answered and averred that the oppositions were too general, and the part claiming one hundred and twenty head of cattle and ninety head of hogs is erroneous, as these are inventoried and accounted for as common

property, and the wife was entitled to one-half, and has paid for the other. The slave Margaret was brought in marriage as dower, and they have no right to her or her increase. He prays that the opposition be rejected and the account homologated, with the addition of the price of the cattle and hogs, &c.

Marie B. Filhiol, one of the heirs of J. J. Filhiol, filed a motion to dismiss all these proceedings, as the account filed by Lucy Hudson is represented to be her account of the administration of J. J. Filhiol, on which no action was had in her lifetime, and none can be taken since her death.

Hempkin, administrator, moved to dismiss this motion.

Both the heirs of J. J. Filhiol now came forward and filed their petition, alleging the administratorship of Lucy White alias Lucy Hudson, deceased wife of Filhiol, and that she collected and received his estate and never rendered a final account, but died, and that Hempkin is her administrator. Wherefore they pray for the rendition of a general account of the estate of Filhiol, and judgment for five hundred dollars, which she owed them.

The administrator answered, and says he has no knowledge of the estate except from the records of this court, and cannot be required to account for property which never came into his hands, and refers to the inventory. He prays that these proceedings be dismissed, &c.

There was a mass of accounts and documents produced to show the state of the affairs of Filhiol's succession, but appear in a very confused and unintelligible manner.

The probate judge, however, seemed to reject all the accounts produced as evidence under the opposition, and gave judgment homologating the account filed by Lucy Hudson, before her death, and gave judgment for the amount, being five hundred and twenty-two dollars and thirty-four cents. The plaintiffs in opposition appealed.

*Downes* and *Copley,* for the plaintiffs.

*McGuire,* for the defendant.

WESTERN DIST.
October, 1840.

FILHIOL'S HEIRS
vs.
HEMPKIN, AD-
MINISTRATOR.

*Bullard, J.*, delivered the opinion of the court.

On the death of **J. J.** Filhiol, it appears that his widow, Lucy White, became administratrix of his estate. She afterwards intermarried with one Hudson. In 1835 she filed an account of her administration, but no further proceedings were had until after the death both of her last husband and herself. Hempkin was then appointed administrator of her estate, and finally the heirs of **J. J.** Filhiol, in 1839, filed their opposition to the account thus rendered by his widow. They deny the existence of the debts which she claims to have paid, contest the interest and a fee to an attorney. They further charge that she ought to account for one hundred and twenty head of cattle belonging to the estate, together with about seventy-five head of hogs. They then set up a claim for the price of a slave Margaret and her children, which had been sold as a part of the estate of Lucy Hudson, who had rendered the account; but which they allege belonged to the estate of **J. J.** Filhiol, her first husband. They allege that they have submitted their claims to Hempkin the administrator, and that he refuses to allow them, and they concluded by praying that after legal notice the said claims may be allowed, and the administrator condemned to pay them. The administrator answered this opposition and claim, by excepting to the sufficiency of the opposition in point of form, it being too vague; averring that the counsel fees were necessary and useful, and had been paid, and that the payment of the debts were authorized. He alleges, that his intestate had already accounted to the heirs for the cattle and hogs claimed, and that she, and not **J. J.** Filhiol, was the owner of the slave Margaret and children.

The heirs afterwards moved to dismiss all the proceedings in the case; first, because no legal action was had upon the account in the lifetime of Lucy Hudson, and that none could be taken after her death, as the administration did not decend to the heirs or administrator, and neither appear to be parties; second, because she was a married woman and her

husband did not to authorize her to appear in court.  The
administrator moved to dismiss this motion.

WESTERN DIST.
October, 1840.

FILHIOL'S HEIRS
vs.
HEMPKIN, AD-
MINISTRATOR.

Before the court had acted upon these motions or excep-
tions, which were wholly irregular, the heirs having already
contested the account rendered upon its merits, and a motion
to dismiss an exception, being a novelty in practice which
we are not disposed to encourage, the heirs came forward
with a new petition, in which they state their heirship of
J. J. Filhiol, his death in 1829, the appointment of his
widow Lucy White as administratrix, her death, and the
appointment of Bernard Hempkin as administrator of her
estate.  They represent that she never rendered any final
account of her administration ; that she took possession of
the whole estate and converted a part of it to her own use,
and that her administrator has failed to return what still
exists, in kind, to the petitioners.  They pray that he may be
condemned to render a full account of the administration of
his intestate, and to restore such property as exists, in kind,
which came into his possession as administrator, belonging to
the estate of J. J. Filhiol, or to account for the price on fail-
ure to do so, and to pay five thousand dollars, or such balance
as is due by Lucy White, the late widow.

To this petition the administrator answered, that he had no
knowledge of the estate of Filhiol, except that derived from
the records of the court, and that he could not be required
to restore property which never came into his hands.  If the
late administratrix made way with the property, he is not
accountable for it, but the plaintiffs must look to her heirs.

It is obvious that, in these last proceedings, the parties
figure in a different capacity from that which they had assumed
at the commencement.  In opposition to the account filed by
Lucy Hudson, these opponents appear as the heirs of J. J.
Filhiol, and the account opposed relates to the administra-
tion of his estate.  In the last they appear as creditors of
Lucy Hudson, claiming a debt due by her of the adminis-
trator of her estate, and whom they appear to treat at the
same time, as the administrator of Filhiol's estate.  This
blending of claims and qualities of the parties, has created

WESTERN DIST.
October, 1840.

EILHIOL'S HEIRS
vs.
HEMPKIN, AD-
MINISTRATOR.

Opponents
of a deceased
administratrix's
account, cannot
blend what may
have taken place
by her adminis-
trator subse-
quently, in rela-
tion *to her estate*,
with her account
filed of her ad-
ministration of
another person's
estate. Her ad-
ministrator rep-
resents her judi-
cially, and the
opposition must
be confined to
her account of
her own admini-
stration.

confusion in the record. A part of the opposition to the first account rendered by Lucy Hudson, in 1835, relates to what took place after her death, by Hempkin the administrator, to wit : the sale of certain slaves which came into his hands as a part of her estate. The creditors of Lucy Hudson have an interest in that question, and are not parties. If we were now to adjudicate upon that claim, it would not be conclu- sive upon the creditors. Indeed the question upon the homo- logation of an account is whether it was correct when ren- dered, and parties cannot insist upon its being amended by adding what took place afterwards; in other words, the ques- tion was, what account was Lucy Hudson bound to render in 1835, and not what her administrator was accountable for as such, long subsequent to the filing of the account. Hemp- kin represented her in a judicial proceeding, commenced during her lifetime, and was not regularly called upon to account for his own administration of her estate in the same proceedings.

The opponents having answered to the merits, were too late in objecting to a want of authority from the husband to file the account of administration.

The admins-
tration of the *es-
tate* of a deceas-
ed administra-
trix, is separate
and different
from her account
of her adminis-
tration. In the
latter her admin-
istrator repre-
sents her judici-
cially, and in the
former he rend-
ers his own ac-
count which
must be homolo-
gated contradic-
torily with all
the creditors of
her estate.

The Court of Probates does not appear to have acted upon many of these exceptions, motions, counter-motions, and peti- tions, but after a trial upon the merits, homologated the account as originally filed. It is shown that the cattle and hogs had already been accounted for to the heirs. The other items of the account were satisfactorily established. But, we think, the question as to the slave Margaret and her children ought to be left open for final adjudication, contradictorily with all parties interested therein. The judgment is silent as to that claim, and it is left doubtful whether the Court of Probates took it into consideration.

It is, therefore, ordered and decreed, that the judgment of the Court of Probates be affirmed, with costs ; reserving, how- ever, to the heirs of Filhiol their right, if any they have, to claim the price of the slave Margaret and her children.